a Minor's Ala. Rep. 137.

WATKINS v. WATKINS, use of PERKINS.

A. brought suit on a note for the use of B. under the statute, C. the defendant, offered to prove by his own oath that the note was made and given to A. for an usurious consideration, and that it was made by the advice of B. and with his knowledge, to evade the usury laws. B. denied on oath, any usury, so far as he was concerned, or knowledge of the usury. It was held that this was not a sufficient denial of the usury to prevent C. from testifying.

THIS was an action tried in Bibb County Court, which had originated before a justice of the peace. Jesse Watkins, for the use of William Perkins, was plaintiff, and Peter Watkins, was defendant. The action was on a promissory note for $50, made by Peter Watkins, and payable to Jesse Watkins. The defence was usury. At the trial, the defendant offered a statement, under the statute, and proposed to prove it by his own oath, to support his plea. The statement was, that "the note sued on, and also another, amounting together to $75, was given by him to Jesse Watkins, the payee, to raise the sum of $40; which fact was known to the plaintiff, Perkins, at and before the making of the notes; and that they were made by his advice and direction, to evade the laws against usury." To this statement, the plaintiff, Perkins, filed his affidavit; he "denied that he knew that the two notes were given to Jesse Watkins, to raise the sum of $40, either before or at the time of making them," and "denied advising or directing the making of the notes to evade the laws against usury, or any knowledge of their consideration being usurious, but that so far as he was concerned in the transac-

tion, they were fair and *bona fide* contracts." The Court held the denial to be sufficient, under the statute to prevent the defendant from giving evidence on his own oath, and rejected him, to which the defendant excepted. The jury found for the plaintiff.

MARDIS, for the plaintiff in error, insisted that the denial was insufficient, and that the defendant below should have been permitted to prove the usury on his own oath.

CLARKE, for the defendant in error.

By JUDGE WHITE. Were it not that it might be deemed of some importance more extensively to make known the views of this Court, on a point of practice often occurring on the circuits, I should consider it unnecessary to file a written opinion in this case, as the only question raised by the assignment of errors, is embraced by previous adjudications.

It has been the general policy of civilized and commercial nations, to fix a certain rate of interest for the loan or use of money; and as this regulation has been considered of vital importance to society, to enforce the observance of the laws on the subject by penal sanctions, or threatened losses. But the facility with which contracts can be made, importing on their face a fair consideration, puts it in the power of the usurer to evade the prohibitions of the law, if the contracts were subjected to none but the ordinary rules of evidence. Hence the necessity of the provision in our statute, that the borrower should be a witness to prove the usurious consideration of notes, bonds, &c. This, however, being a variation from the general principle, wholesome in itself, that no person shall testify in his own case, it became necessary to place it under certain restrictions, and not to allow the borrower to give testimony, "if the person against whom such evidence is offered to be given, will deny upon oath, to be administered in open Court, the truth of what such witness offers to prove against him." Now, to apply these express provisions of the statute to this case, neither the nominal nor beneficial plaintiff denied on oath the only material fact, which the defendant offered to prove against them; but the person for whose use the suit was brought, merely denied his knowledge of the facts stated. To permit such a denial as this to exclude the evidence of the borrower, would not only

be contrary to the plain words of the statute, but in many cases would tend to defeat the very object of the law itself. For whenever the usurer should take a note or bond for the sum claimed, and transfer it to a third person, ignorant of the consideration, that person could safely swear that he did not know the contract was tainted with usury, and thereby deprive the defendant of his oath, which is often the only method of proving the facts in avoidance. This, however, the statute evidently intended to prevent. But as already intimated, this very question was decided by this Court, at the July term, 1827.

We are therefore of opinion, that there is error, that the judgment must be reversed, and the cause remanded. *

* See the case of Fariss & Powell v. King, 1 Stewart's Reports, 255.